ERNESTO D. REYES ET AL., Plaintiffs and Appellees, *v.* LAS MONJAS RACING CORPORATION, ETC., Defendant and Appellant.

No. 5267.    Argued February 10, 1932.—Decided February 16, 1932.

**118**

*Feliú & La Costa* for appellant.   *G. de la Haba* for appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

The original complaint herein is dated July 23rd, 1929. The prayer is for a decree restraining the defendant corporation from the performance of certain acts under a law which went into effect on July 25, 1929. The portion of that law assailed as unconstitutional was repealed by another law which took effect on September 30th of the same year. A temporary injunction was issued. The case was submitted on an agreed statement of facts in the district court on September 9th, and decided on November 19th. The district judge then held in effect that the provision in question was unconstitutional and that the temporary injunction had been properly issued, but that the performance of future acts under a proviso that had ceased to exist should not be enjoined. He therefore dismissed the action and dissolved the temporary injunction, without special pronouncement as to costs.

Defendant appeals from that judgment.

In *Las Monjas Racing Corporation* v. *District Court*, 40 P.R.R. 282, this Court said that the question as to the rights of that corporation under the repealed proviso appeared to be largely academic. In *Reyes* v. *Las Monjas Racing Corporation*, 40 P.R.R. 874, this Court practically approved the action of the district judge in dismissing the action but held that the present appeal was not frivolous so far as the question of costs was concerned. It was there suggested that there might be some question as to whether plaintiffs should have anticipated the outcome of their action on the theory that the later act would go into effect before a final decree could be obtained.

As shown by the brief for appellees there is ample room for difference of opinion as to the constitutionality of the statutory provision assailed by them and held by the district judge to be unconstitutional. We are not prepared to say that plaintiffs had no reason to believe at the time when they commenced their action that a final decision could be obtained before the date upon which the later law was to become effective. We find no abuse of discretion on the part of the district judge in refusing to award costs to defendant.

The judgment appealed from must be affirmed.